IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION FILE<br>)<br>) NO: 3:11-cv-123-TCB |
| FAYETTE COUNTY BOARD OF COMMISSIONERS; *et al.*, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

## CONSENT ORDER

Plaintiffs, Georgia State Conference of the NAACP, Fayette County Branch of the NAACP, Henry Adams, Terence Clark, Alice Jones, John E. Jones, Daniel ("Dan") L. Lowry, Ali Abdur-Rahman, Aisha Abdur-Rahman, Lelia Richardson, Elverta Williams, and Bonnie Lee Wright (collectively "Plaintiffs"), and Defendants, Fayette County Board of Education and a majority of its members, Marion Key, Dan Colwell, Diane Basham, Barry Marchman, and Leonard Presberg (individually and collectively, the "BOE" or "BOE Defendants" or "Board of Education Defendants") (together as the "Parties"), have agreed to resolve all matters in dispute between them in this litigation without further proceedings upon approval by the Court of this Consent Order on the terms

provided herein.

## BACKGROUND AND FACTS

1.

Plaintiffs brought this action challenging the current method of electing the five members of the Board of Education of Fayette County which utilizes five residency districts with at-large election of each of the members.

2.

The current method of electing BOE members is established by a local provision of the Georgia Constitution, Georgia Laws of 1970, p. 979. Among other things, that Constitutional provision empowers the Board of Education of Fayette County to (1) adopt reapportionment plans for Board of Education elections and (2) appoint members to vacancies that arise on the Board of Education.

3.

There has been substantial previous activity in this case, including this Court's grant of summary judgment to Plaintiffs on May 21, 2013 [Doc. 152], and a reversal of that order by the Eleventh Circuit Court of Appeals, *Georgia State Conference of the NAACP v. Fayette County Board of Commissioners*, 775 F.3d 1336 (11th Cir. 2015).

4.

After remand from the Court of Appeals, the Court granted Plaintiffs' Motion for Preliminary Injunction on August 3, 2015 [Doc. 271], at which time the Court concluded that the Plaintiffs had a "substantial likelihood of success on the merits." [Doc. 271, p. 20]. Thereafter the Court ordered the parties to mediation [Doc. 278].

5.

According to the 2010 Census, the total population of Fayette County, Georgia was 106,567, of whom 75,802 persons (71.13% of the total population) were White Alone; 21,395 persons (20.08% of the total population) were Black Alone; and 22,498 persons (21.11% of the total population) were Black Alone together with Black in Combination with another race(s). Also according to the 2010 Census, the total voting-age population (VAP) in Fayette County was 78,468 (73.63% of the total population), of whom 57,799 persons (73.66% of the total VAP) were White Alone; 14,908 persons (19.00% of the total VAP) were Black Alone; and 15,355 persons (19.57% of the total VAP) were Black Alone together with Black in Combination with another race(s). [Doc. 275, pp. 9-10].

6.

Plaintiffs contend and have offered evidence that the Black population in

Fayette County has increased since the 2010 Census and that the percentage of Black residents in the County has also increased since then. Plaintiffs' evidence to that effect is based on 2014 Census Bureau estimates that were published on July 1, 2015. [Doc. 269-1, p. 8]. The BOE Defendants do not dispute that there has been such an increase in the Black population of Fayette County since the 2010 Census.

7.

The Parties agree that the proceedings to date provide a sufficient legal basis for this Court to enter this Consent Order without further proceedings and without any admission by the BOE Defendants that the method of electing Board of Education Members violates Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, or any other federal law, which the BOE Defendants deny.

With the consent of the Plaintiffs and the Board of Education Defendants, it is hereby ORDERED, ADJUDGED, and DECREED that:

    A.    So long as the local provision of the Georgia Constitution, Georgia Laws of 1970, p. 979, remains in effect, its requirements that (1) all members of the Board of Education be elected at-large and (2) there be five residency districts from which those members are elected at-large shall no longer be enforced.

    B.    Other than as expressly provided herein, all provisions of Georgia law

shall continue in full force and effect, including the authority of the Board of Education to adopt redistricting plans consistent with this Order and to appoint persons to fill vacancies that may occur on the Board of Education. This order does not prohibit repeal of the local Constitutional provision pursuant to those procedures provided by Georgia law.

      C.    This Order does not prohibit the use of some at-large elected seats on the Board of Education, so long as doing so does not violate Section 2 of the Voting Rights Act.

      D.    Pursuant to the power vested in the Board of Education, the BOE Defendants are directed to promptly adopt and implement a plan for the election of the five board members currently prescribed by law wherein at least one of those members shall be elected only by the voters of a district in which Black voters therein have an equal opportunity to elect a representative of their choice.

      E.    The Court is advised that, as part of their overall settlement, Plaintiffs have agreed to an election plan (the "Redistricting Plan") to be adopted by the Board of Education to be first used in the 2016 elections. The Redistricting Plan has (1) four single-member districts in which the members must reside in their district and shall be elected only by the voters of that district, and (2) one at-large seat elected by the voters of the entire County and with no district residency

requirement.

F.     For the purpose of the phase-in of the Redistricting Plan agreed to between the parties, the current incumbents shall be deemed to hold the BOE seats in the Redistricting Plan as follows: (1) District 1, Barry Marchman; (2) District 2, Diane Basham; (3) District 3, Dan Colwell; (4) District 4, Leonard Presberg; and (5) the at-large seat, Marion Key. While the first election under the Redistricting Plan will be held in 2016, any BOE vacancies that might arise that are to be filled by appointment by the BOE shall be filled using the districts established under the terms of this order.

G.     So long as the Board of Education consists of five members, the Redistricting Plan will be used for the 2016, 2018, and 2020 elections; provided that, the Board of Education may modify the district lines for Districts 1, 2, and 3 pursuant to its power to redistrict, so long as the boundary of District 4 is not changed for those elections.

H.     The terms of this Order and the constraints on the method of electing members of the Fayette County Board of Education established herein shall remain in full force and effect until January 1, 2022, at which time they will expire without further action of the Court; provided that the prohibition of Section A of this Order shall survive so long as the local provision of the Georgia Constitution, Georgia

Laws of 1970, p. 979, remains in effect. Election of the members of the Board of Education will continue thereafter to be subject to the requirements of Section 2 of the Voting Rights Act.

I. Plaintiffs and their attorneys and the BOE Defendants agree that within 30 days of entry of this Order, Plaintiffs shall recover costs and attorneys' fees from the Board of Education in the total amount of $100,000.00, and that any and all claims Plaintiffs or their attorneys might have to any further fees, costs or payment of any kind in this litigation, are hereby waived, abandoned, and released, with the exception of any claims of Plaintiffs or their attorneys for costs, fees, expenses, or payment of any kind from the BOE Defendants that may arise out of a subsequent action as provided for in Paragraph 7(K) of this Order.

J. Within ten days after the BOE Defendants (1) adopt the Redistricting Plan and (2) pay Plaintiffs' the monetary amount provided hereinabove, the Court shall enter a consent order dismissing with prejudice Plaintiffs' claims in this Action against the BOE Defendants and dropping the BOE Defendants as parties to this Action.

K. Plaintiffs are not barred by the dismissal of this action from bringing a subsequent action: (1) claiming that Defendants have failed to abide by the terms of this Order; or (2) claiming that any successor election plan that may be adopted

for electing the members of the Board of Education violates Section 2 of the Voting Rights Act.

SO ORDERED this 27th day of January, 2016.

HONORABLE TIMOTHY C. BATTEN
Judge, United States District Court

Consented to:

/s/ Leah C. Aden
Leah C. Aden*
laden@naacpldf.org
Natasha Korgaonkar*
nkorgaonkar@naacpldf.org
Christopher Kemmitt*
ckemmitt@naacpldf.org
Deuel Ross*
dross@naacpldf.org
Victorien Wu*
vwu@naacpldf.org
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
*Admitted Pro Hac Vice

Neil T. Bradley
Georgia Bar No. 075125
neil.bradley.ga@gmail.com
Law Office of Neil Bradley
3276 Wynn Drive
Avondale Estates, Georgia 30002
(404) 298-5052

*Attorneys for Plaintiffs*

　/s/ David F. Walbert
David F. Walbert
Georgia Bar No. 730450
dwalbert@pcwlawfirm.com
J. Matthew Maguire
Georgia Bar No. 372670
mmaguire@pcwlawfirm.com
David A. Weisz
Georgia Bar No. 134527
dweisz@pcwlawfirm.com
PARKS, CHESIN & WALBERT, P.C.
75 Fourteenth Street, 26th Floor
Atlanta, Georgia 30309
(404) 873-8000/(404) 873-8050 (facsimile)

*Attorneys for Defendants Fayette County Board of Education and its members Marion Key, Dan Colwell, Diane Basham, Barry Marchman, and Leonard Presberg*